2023 UT App 119

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
KYLE OMAR MORGAN,
Appellant.

Per Curiam Opinion
No. 20230251-CA
Filed October 5, 2023

Seventh District Court, Morgan Department
The Honorable Don Torgerson
No. 221700064

Dylan Carlson, Benjamin Miller, and Debra M.
Nelson, Attorneys for Appellant

Sean D. Reyes and Andrew F. Peterson, Attorneys
for Appellee

Before JUDGES RYAN M. HARRIS, RYAN D. TENNEY,
and JOHN D. LUTHY.

PER CURIAM:

¶1   Kyle Omar Morgan appeals the district court's decision to revoke his probation. He asserts that the district court plainly erred by failing to consider mitigating evidence and that he received ineffective assistance of counsel because his counsel failed to present the mitigating evidence to the district court. Because the State did not respond to Morgan's memorandum, he need only "establish a prima facia showing of a plausible basis for reversal." *AL-IN Partners, LLC v. LifeVantage Corp.*, 2021 UT 42, ¶ 19, 496 P.3d 76. Because Morgan has established a plausible basis for us to conclude that he received ineffective assistance of counsel, we reverse the district court's decision and remand for a new hearing.

¶2 Morgan pleaded guilty to stalking (domestic violence), criminal mischief, and possession of drug paraphernalia. He was sentenced to two 364-day jail terms and one six-month jail term, all to run concurrently, and ordered to pay $2,853.09 in restitution in increments of $50 per month. The court suspended the jail sentences and placed Morgan on probation for twenty-four months.

¶3 Morgan struggled on probation and was sanctioned several times for violating his probation by using drugs and alcohol, associating with known criminals, and frequenting bars and liquor stores, but his probation was never revoked. Finally, about nine months into his probation, the court issued an order to show cause why Morgan's probation should not be revoked based on his various ongoing violations. Adult Probation and Parole (AP&P) prepared a report outlining the violations and labeling Morgan as an "intensive risk." The report also indicated that Morgan was homeless and had only recently become employed, that he had paid $100 toward restitution, and that he had "made some effort in getting his Mental Health and Substance Abuse assessment completed" and had "attended treatment four times at the Moab Recovery Center."

¶4 At the order to show cause hearing, Morgan admitted to all but one of the violations and asked the court to revoke and reinstate his probation.

¶5 The State expressed its opinion that Morgan's "interactions and all his violations" indicated he was "not very amenable to probation." But the State was also "torn" in its recommendation on whether Morgan's probation should be reinstated because it felt that Morgan needed help to prevent him from drinking. The State suggested that the court might consider revoking and reinstating probation, having Morgan serve 120 days in jail, and then putting him on an alcohol ankle monitor for another 90 or 120 days to hold him accountable for drinking.

¶6 Morgan's counsel (Counsel) indicated that an ankle monitor would be an appropriate solution. He informed the court that Morgan finally had a job lined up and that he had experienced financial and other stresses during the holiday season, which had led him to relapse. Counsel argued that Morgan should be given a second opportunity to comply with probation conditions. However, Counsel did not discuss the efforts Morgan had made to complete his assessment and participate in treatment.

¶7 The court found that Morgan was in violation of his probation. It also noted that Morgan's "relapse" had involved periods outside the "holiday season," beginning in September and continuing through February. The court observed that AP&P had labeled Morgan an intensive risk and that Morgan did not appear to be making "*any effort whatsoever* not to be drinking, not to be associating with known criminals and not to be affiliated with drug use." (Emphasis added.) Although the court recognized that a year in jail would not get Morgan the treatment he needed, the court was also "not persuaded" that Morgan would engage in additional treatment on probation, based on his history.

¶8 Morgan asserts that the district court committed plain error by failing to consider mitigating factors and that he received ineffective assistance of counsel because Counsel failed to present mitigating evidence to the court. Specifically, he asserts that the court's ruling would have been different had it appropriately considered his efforts to participate in the mental health and substance abuse assessment, to attend treatment on four occasions, and to pay $100 in restitution despite being homeless and unemployed. On appeal, we find it necessary to address only Morgan's ineffective assistance of counsel argument.

¶9 To prevail on grounds of ineffective assistance, a defendant must demonstrate, first, "that counsel's performance was

deficient, in that it fell below an objective standard of reasonable professional judgment," and, second, "that counsel's deficient performance was prejudicial—i.e., that it affected the outcome of the case." *State v. Litherland*, 2000 UT 76, ¶ 19, 12 P.3d 92. However, because the State did not file a memorandum in this case, Morgan's appellate burden of persuasion is lower than usual: in this situation, he need only "establish a prima facie showing of a plausible basis for reversal." *AL-IN Partners, LLC v. LifeVantage Corp.*, 2021 UT 42, ¶ 19, 496 P.3d 76 (quotation simplified); *see also Zions Bancorporation, NA v. Schwab*, 2023 UT App 105, ¶ 15. Employing this standard, we conclude that Morgan has established a prima facia showing of a plausible basis that he received ineffective assistance of counsel.

¶10    A major focus of the probation revocation hearing was on whether reinstating Morgan's probation would allow him to receive treatment and overcome his problems with alcohol and drugs. The State was "torn" on its recommendation because, despite Morgan's violations, it believed a program of ankle monitoring and drug testing was more likely to help Morgan become sober than going to jail. Thus, Morgan's best argument was that he was, in fact, amenable to supervision and willing to take steps to become sober. The strongest evidence available in support of that argument was the fact that he had already made efforts toward completing his mental health and substance abuse assessment and that he had attended treatment on four occasions, and there was no apparent strategic reason for Counsel not to bring that up. Given the importance of that evidence, Morgan thus argues that a reasonable attorney would have highlighted it at the hearing; based on the limited briefing before us, we agree. Because Counsel did not do so, Morgan has made a prima facia showing of a plausible basis that Counsel performed deficiently.

¶11    As for prejudice, the court's explanation of its ruling suggests it is at least plausible that Morgan was prejudiced by Counsel's failure to highlight the mitigating evidence. The court

found that Morgan did not "appear" to have made "any effort whatsoever not to be drinking, not to be associating with known criminals and not to be affiliated with drug use." This suggests that the court did not take into account the efforts Morgan had already made to participate in drug treatment. Given the State's position, it is plausible that the court would have reinstated Morgan's probation had Counsel brought to the court's attention evidence that Morgan had made some efforts toward getting treatment.

¶12　Because we conclude that Morgan has satisfied the lower burden at issue in this appeal, we reverse on that basis alone and remand for a new probation revocation hearing.

––––––––––